## In re ACRETELLI.

(District Court, S. D. New York. March, 1909.)

**1.** DOWER (§ 39*)—NATURE OF ESTATE—EXTINGUISHMENT.

A wife's inchoate right of dower, though not a lien, nor an estate nor interest in land, is nevertheless a substantial right, possessing in legal contemplation many of the incidents of property, one of which is the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

capacity of extinguishment at the instance of the wife in favor of her husband, or his assignee or trustee in bankruptcy.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 155, 156; Dec. Dig. § 39.*

How inchoate right extinguished, see note to Black v. Elkhorn Mining Co., 3 C. C. A. 316.]

2. DOWER (§ 49*)—ASSETS—LAND—SALE—RELINQUISHMENT OF DOWER.

Where a bankrupt's wife, by letter to his trustees, agreed to extinguish her dower interest in her husband's real estate for a specified price, she thereby consented to a sale of the real estate free from her dower interest, which the court thereupon had power to order.

[Ed. Note.—For other cases, see Dower, Cent. Dig. § 157; Dec. Dig. § 49.*]

In the matter of one Acretelli, bankrupt. On application by the trustees for the sale of the bankrupt's real estate free from the inchoate dower interest of the bankrupt's wife. Application granted.

Sternberg, Jacobson & Pollock (Henry W. Pollock, of counsel), for trustees.

James C. Church, for bankrupt's wife.

HOUGH, District Judge. It cannot, I think, be doubted that an inchoate right of dower is not a lien, nor an estate nor an interest in land; yet it is declared to be a substantial right, possessing in contemplation of law many of the incidents of property. The only incident which need be considered upon this motion is that it is capable of extinguishment at the instance of the wife and in favor of her husband, assignee, or transferees.

The husband's trustees in bankruptcy are undoubtedly in a position to receive such extinguishment, and Mrs. Acretelli has by her letter, of February 3d agreed to extinguish at a stated price. She has, therefore, consented that her bankrupt husband's real estate be sold free from her inchoate right of dower, and it was held in Savage v. Savage, 15 Am. Bankr. Rep. 599, 141 Fed. 346, 72 C. C. A. 494, 3 L. R. A. (N. S.) 923, that the right to make such a sale inhered in the bankruptcy court upon the wife's consent. The right to make the sale presupposes the power to compel it (the consent once given).

On the authority of the case cited, therefore, the motion will be granted.